FILED

DEC – 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name **FLOWERS**          **ALVIN**          **S.**
　　　(Last)　　　　　(First)　　　　　(Initial)

Prisoner Number **T-91323**

Institutional Address **SALINAS VALLEY STATE PRISON, FAC. B, BLDG 1 – 131**

**P.O. BOX 1050, SOLEDAD, California 93969-1050**

===============================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Alvin Scott Flowers**
(Enter the full name of plaintiff in this action.)

vs.

**Michael Evans, Warden, ET, AL**

_____

_____

_____

(Enter the full name of respondent(s) or jailor in this action)

CV 07   Case No. 6184
(To be provided by the clerk of court)

**PETITION FOR A WRIT**
**OF HABEAS CORPUS**

JF

(PR)

===============================================================

Read Comments Carefully Before Filling In

When and Where to File

　　　You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

　　　If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1  <u>Who to Name as Respondent</u>

2  　　　You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6  　　　If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11  　　　1. What sentence are you challenging in this petition?

12  　　　　　(a)　　Name and location of court that imposed sentence (for example; Alameda

13  　　　　　　　　County Superior Court, Oakland):

14  　　　　　**Superior Court Placer County**　　＿＿＿＿＿＿＿＿＿＿＿

15  　　　　　　Court　　　　　　　　　Location

16  　　　　　(b)　　Case number, if known **C044333/WHC 700 6223894**

17  　　　　　(c)　　Date and terms of sentence **April 28, 2003**

18  　　　　　(d)　　Are you now in custody serving this term? (Custody means being in jail, on

19  　　　　　　　　parole or probation, etc.)　　　　Yes **X**　　No ＿＿＿

20  　　　　　　Where? **Salinas Valley State Prison, Soledad, California**

21  　　　　　　Name of Institution: **Salinas Valley State Prison**

22  　　　　　　Address: **31625 Why 101, Soledad, California**

23  　　　　　2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  **Penal Code § 191.5, Veh. Code § 23153(a) & (b)**

27  ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

28  ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

3. Did you have any of the following?

Arraignment:  Yes __X__  No ____

Preliminary Hearing:  Yes __X__  No ____

Motion to Suppress:  Yes ____  No __X__

4. How did you plead?

Guilty ____  Not Guilty __X__  Nolo Contendere ____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury __X__  Judge alone ____  Judge alone on a transcript ____

6. Did you testify at your trial?  Yes ____  No __X__

7. Did you have an attorney at the following proceedings:

(a)  Arraignment  Yes __X__  No ____

(b)  Preliminary hearing  Yes __X__  No ____

(c)  Time of plea  Yes __X__  No ____

(d)  Trial  Yes __X__  No ____

(e)  Sentencing  Yes __X__  No ____

(f)  Appeal  Yes __X__  No ____

(g)  Other post-conviction proceeding  Yes __X__  No ____

8. Did you appeal your conviction?  Yes __X__  No ____

(a)  If you did, to what court(s) did you appeal?

Court of Appeal  Yes __X__  No ____

Year: _2003_  Result: _Denied_

Supreme Court of California  Yes __X__  No ____

Year: _2004_  Result: _Denied_

Any other court  Yes __X__  No ____

Year: _2006_  Result: _Denied_

(b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

petition?       Yes _____    No __X__

(c)    Was there an opinion?       Yes _____    No __X__

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

           Yes __X__    No_____

If you did, give the name of the court and the result:

Sup. CT. on - Habeas Corpus - Court of Appeal and Ca. Supreme Court - Denied

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?       Yes __X__    No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: Superior Court Placer Co.

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. Wrongfully Charged And Convicted

b. I.A.C.

c. Speedy Trial

d. Trial Court Abuse of Discretion

Result: Denied       Date of Result: 9/06

II.    Name of Court: California Court of Appeals

Type of Proceeding: On Habeas Corpus

Grounds raised (Be brief but specific):

a. _____ Same as Above _____

b. _____

c. _____

d. _____

Result: _Denied_ Date of Result: _12_/_06_

III.    Name of Court: _California Supreme Court_

Type of Proceeding: _On Habeas Corpus_

Grounds raised (Be brief but specific):

a. _____ Same as Above _____

b. _____

c. _____

d. _____

Result: _Denied_ Date of Result: _10_/_07_

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____ Date of Result: _____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No _X_

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1    need more space.  Answer the same questions for each claim.

2    [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3    petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: Petitioner Wrongfully Charged and

6    Convicted ( U.S.CA. 14 Amend. )

7    Supporting Facts:

8    Rogers v. Peck (1905) 199 U.S. 425

9    Garland v. Washington (1914) 232 U.S. 642

10   Jackson v. Virginia (1979) 443 U.S. 307

11   Claim Two: Ineffective Assistance of Counsel

12   ( U.S.CA. 6 Amend. )

13   Supporting Facts:

14   People v Pope 23 CAl 3d. 412 (1979)

15   Strickland v. Washington (1984) 466 U.S. 668

16

17   Claim Three: Speedy Trial ( U.S.CA. 6 Amend. )

18

19   Supporting Facts:

20   United States v Doggett 505 U.S. 651

21   Barker v Wingo (1972) 407 U.S. 514

22   United States v Marion (1971) 404 U.S. 307

23   If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25

26

27

28

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4    _____

5    _____

6    _____

7    Do you have an attorney for this petition?                    Yes____        No__✗__

8    If you do, give the name and address of your attorney:

9    _____

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _11-17-07_____                    _Alvin Howell_____

14              Date                                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

9
10

ALVIN SCOTT FLOWERS                         )
                                            )
11                          Plaintiff,      )        CASE NO. _____
                                            )
12          vs.                             )        **PRISONER'S**
                                            )        **APPLICATION TO PROCEED**
13   Michael Evans, Warden, ET, AL          )        **IN FORMA PAUPERIS**
                                            )
14                          Defendant.      )
     _____)

15
16          I, **Alvin Scott Flowers----**, declare, under penalty of perjury that I am the plaintiff in

17   the above entitled case and that the information I offer throughout this application is true and correct.

18   I offer this application in support of my request to proceed without being required to prepay the full

19   amount of fees, costs or give security.  I state that because of my poverty I am unable to pay the

20   costs of this action or give security, and that I believe that I am entitled to relief.

21          In support of this application, I provide the following information:

22   1.     Are you presently employed?    Yes ____  No  X

23   If your answer is "yes," state both your gross and net salary or wages per month, and give the name

24   and address of your employer:

25   Gross: _____⊘_____         Net: _____⊘_____

26   Employer: _____

27   _____

28   If the answer is "no," state the date of last employment and the amount of the gross and net salary

PRIS. APPLIC. TO PROC. IN FORMA

1  and wages per month which you received.   (If you are imprisoned, specify the last place of

2  employment prior to imprisonment.)

3  _____

4  _____

5  _____

6  2.    Have you received, within the past twelve (12) months, any money from any of the following

7  sources:

8      a.    Business, Profession or          Yes ____  No _✕_

9            self employment

10     b.    Income from stocks, bonds,        Yes ____  No _✕_

11           or royalties?

12     c.    Rent payments?                    Yes ____  No _✕_

13     d.    Pensions, annuities, or           Yes ____  No _✕_

14           life insurance payments?

15     e.    Federal or State welfare payments,  Yes ____  No _✕_

16           Social Security or other govern-

17           ment source?

18  If the answer is "yes" to any of the above, describe each source of money and state the amount

19  received from each.

20  _____

21  _____

22  3.    Are you married?                     Yes ____  No _✕_

23  Spouse's Full Name: _____ N / A _____

24  Spouse's Place of Employment: _____

25  Spouse's Monthly Salary, Wages or Income:

26  Gross $_____  Net $_____

27  4.    a.    List amount you contribute to your spouse's support : $ _____

28        b.    List the persons other than your spouse who are dependent upon you for support

PRIS. APPLIC. TO PROC. IN FORMA

PAUPERIS, Case No.                              - 2 -

1    and indicate how much you contribute toward their support.  (NOTE: For minor

2    children, list only their initials and ages.  DO NOT INCLUDE THEIR NAMES.).

3    _____

4    _____

5    5.    Do you own or are you buying a home?         Yes ____  No ✗

6    Estimated Market Value: $_____ Amount of Mortgage: $_____

7    6.    Do you own an automobile?         Yes ____  No ✗

8    Make _____ Year _____ Model _____

9    Is it financed? Yes _____ No ✗ If so, Total due: $ _____

10   Monthly Payment: $ _____

11   7.    Do you have a bank account?  Yes ____ No ✗ (Do not include account numbers.)

12   Name(s) and address(es) of bank: _____

13   _____

14   Present balance(s):  $ _____

15   Do you own any cash?  Yes ____ No ✗ Amount: $ _____

16   Do you have any other assets?  (If "yes," provide a description of each asset and its estimated

17   market value.)  Yes ____ No ✗

18   _____

19   8.    What are your monthly expenses?

20   Rent: $ _____ ∅ _____         Utilities: _____ ∅ _____

21   Food: $ _____ ∅ _____         Clothing: _____ ∅ _____

22   Charge Accounts:

23   Name of Account          Monthly Payment          Total Owed on This Acct.

24   ____ N/A ____          $ _____          $ _____

25   _____          $ _____          $ _____

26   _____          $ _____          $ _____

27   9.    Do you have any other debts?  (List current obligations, indicating amounts and to whom

28   they are payable.  Do not include account numbers.)

PRIS. APPLIC. TO PROC. IN FORMA

PAUPERIS. Case No. _____                - 3 -

1  _____

2  _____

3  10.    Does the complaint which you are seeking to file raise claims that have been presented in

4  other lawsuits?                              Yes ____ No __X__

5  Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in which

6  they were filed.

7  _____N/A_____

8  _____

9        I consent to prison officials withdrawing from my trust account and paying to the court the

10  initial partial filing fee and all installment payments required by the court.

11        I declare under the penalty of perjury that the foregoing is true and correct and understand

12  that a false statement herein may result in the dismissal of my claims.

13

14  _11-17-07_____        _Chris Thiesen_____

15        DATE                         SIGNATURE OF APPLICANT

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number: _____

# CERTIFICATE OF FUNDS

## IN

## PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account

statement showing transactions of _Alvin S. Flowers_ for the last six months at

[prisoner name]

_____ where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most

recent 6-month period were $ _____ and the average balance in the prisoner's account

each month for the most recent 6-month period was $_____.


Dated:_____          _____

[Authorized officer of the institution]

1 | ALVIN SCOTT FLOWERS, T-91323
SALINAS VALLEY STATE PRISON
2 | FACILITY B, BLDG. 5 - 131
P.O. BOX 1050
3 | SOLEDAD, CA 93960-1050

4 | In Pro Per

5

6 | UNITED STATES DISTRICT COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8

9 | ALVIN SCOTT FLOWERS          )     Case No:_____
                   Petitioner,  )            C044333/WHC 700
10 |                            )
                     vs         )
11 |                            )
People of the State of Calif.   )     WRIT OF HABEAS CORPUS
12 |              Respondent,    )     CONVICTION AND SENTENCE

13

14 | WRIT OF HABEAS CORPUS

15 | BRIEF AND EXHIBITS IN SUPPORT THEREOF

16

17 | Petitioner, Alvin Scott Flowers respectfully submits this

18 | Petition to the United States District Court of the State of

19 | California, after having received denials in the Superior Court

20 | of Placer County, and the Appellate Court for the Third District,

21 | and the Supreme Court of the State of California, on his Writ

22 | of Habeas Corpus.  Petitioner, Mr. Flowers, asks the Court for

23 | review on his Writ, Case No: C044333/WHC 700 - 6223894, S152382.

24 | The following Brief and Exhibits in support thereof for

25 | Petitioner's request for review in said petition in accordance

26 | to the California Rules of Court and in Compliance with the

27 | Supreme Court of the State of California.

28 | ALVIN SCOTT FLOWERS ON HABEAS CORPUS

1

<u>**TABLE OF CONTENTS**</u>

2
<u>**Page #**</u>

3  Petition of Writ of Habeas Corpus                        1

4  Issues Presented                            4,9,12,16,21

5  Petition                                                 1

6  Verification                                             2

7

8  <u>Constitutional Arguments:</u>

9  Petitioner Wrongfully Charged and Convicted             4

10  Ineffective Assistance of Counsel                       9

11  Petitioner's Speedy trial Rights                       12

12  Imposition of Fines                                    16

13  Trial Court Abuse of Discretion                        21

14

15  <u>Constitutional Provisions:</u>

16

17  <u>United States Constitution</u>

18  Fifth                                                   4

19  Sixth                                                 9,12

20  Fourteenth                                              9

21

22  <u>California Constitution</u>

23  Article I, § 15                                        12

24

25

26

27

28

(i)

1

## TABLE OF AUTHORITIES

2
Page #

3   Rogers v Peck (1905)                                    6
         199 U.S. 425
4
    Garland v Washington (1914)                            6
5        232 U.S. 642

6   In Re: Oliver (1948)                                   6
         333 U.S. 257
7
     People v Burnett                                      6
8       71 Cal. App. 4th 151

9   Jackson v Virginia (1979)                              7
         443 U.S. 307
10
    People v Cuevas (1995)                                 7
11       12 Cal. 4th 252

12  Lilian v Superior Court (1984)                         7
         160 Cal. App. 3d. 314
13
    In Re: Winship (1970)                                  8
14       397 U.S. 358

15  People v Hockersmith                                   8
         Cal. App. 3d. 968
16
    People v Pope (1979)                                   10
17       23 Cal. 3d. 412

18  Strickland v Washington (1984)                         10
         466 U.S. 668
19
    In Re: Alvernaz (1992)                                 11
20       2 Cal. 4th

21  U.S. v Dogget                                          12
         505 U.S. 651
22
    Barker v Wingo (1972)                                  13
         407 U.S. 514
23
    Gerston v Pugh (1975)                                  13
24       420 U.S. 103

25  County of Riverside v McLauglin (1991)                 13
         500 U.S. 44
26
    U.S. v Marion (1971)                                   14
27       404 U.S. 307

28

Strunk v U.S. (1973)                                    14
      412 U.S. 434

Miranda v Arizona (1966)                               14
      385 U.S. 436

People v McMahan (1992)                                16
      Cal. App. 4th 740

People v Frye (1994)                                   17
      21 Cal. App. 4th 1483

People v Adams (1990)                                  18
      224 Cal. App. 3d. 705

People v Goulart (1990)                                18
      224 Cal. App. 3d. 71

People v Ryan (1988)                                   18
      203 Cal. App. 3d. 189

People v Vournazos (1988)                              18
      198 Cal. App. 3d. 948

People v Backer (1986)                                 18
      182 Cal. App. 3d. 921

People v Castro (1994) 19
      94 Cal. App. 4th

People v Blankenship (1989)                            19
      213 Cal. App. 3d. 992

People v Neal (1993)                                   20
      19 Cal. App. 4th 1114

People v Schenck (1994)                                20
      23 Cal. App. 4th 698

1  ALVIN SCOTT FLOWERS, T-91323
   SALINAS VALLEY STATE PRISON
2  FACILITY B, BLDG. 5 - 131
   P.O. BOX 1050
3  SOLEDAD, CA 93960-1050

4  In Pro Per

5                    US DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8  Alvin Scott Flowers          )    Case No:_____
                 Petitioner,    )         C044333/WHC 700
9                               )
                 vs             )
10                              )
   People of the State of Calif. )   WRIT OF HABEAS CORPUS
11               Respondent,    )    CONVICTION AND SENTENCE

12

13                  WRIT OF HABEAS CORPUS

14          BRIEF AND EXHIBITS IN SUPPORT THEREOF

15                          1.

16      Petitioner, Alvin Scott Flowers, respectfully petitions

17  this Court on Writ of Habeas Corpus after being denied on Writ

18  of Habeas Corpus by the Superior Court of Placer County, and

19  the Court of Appeal for the Third District, and the Supreme Court

20  of the State of California, by this verified Petition sets fourth

21  the following facts and causes for the granting of this petition.

22                          2.

23      Petitioner is presently unlawfully incarcerated by the Deputy

24  Director of the Dept. of Corrections and M. Evans, Warden of

25  Salinas Valley State Prison, Soledad, California.  Petitioner

26  is serving a 30 year to life term which was unlawfully imposed

27  on April 28, 2003 by the Superior Court of Placer County.

28              ALVIN SCOTT FLOWERS ON HABEAS CORPUS
                          (1)

3.

Petitioner is filing with this District Court pursuant to a denial issued by Placer County Superior Court on October 10, 2006 in compliance with California Constitution, Article VI, Section 11.

## INTRODUCTION

An information was filed on September 11, 2001 by the District Attorney of Placer County charging the Petitioner (Alvin Scott Flowers) with three felony counts. Count 1, in violation of the California Penal Code Section § 191.5, Gross Vehicular Manslaughter. Count 2, in violation of Claifornia Vehicle Code Section § 23153 subd. (a), Driving while under the influence and causing injury. Count 3, in violation of the California Vehicle Code Section § 23153 subd. (b), Driving with a blood alcohol level of 0.0890 causing injury. There were Special Allegations filed with Counts 1 and 2 that alleged Petitioner caused injury or death to one or more victims in violation of California Penal Code Section § 12022.7 subd. (a). It was further alleged Petitioner suffered three prior felony convictions in violation of California Penal Code Sections § 667 (b)(i) and § 1170.12 subd. (a)-(d). The Petitioner was also charged under California Penal Code Section § 667.5 of having suffered three prior prison terms. On November 28, 2002 the Petitioner was given a Preliminary Hearing in which the court found sufficient evidence to believe Petitioner guilty to the specific charges on the record resulting from a vehicle accident that occurred on September 5, 2001 on Westbound Highway 80. Passenger Rennea Hernandez died at the scene of the accident, Passengers Betty Daley and Jonathan Lamb were the other passengers with the Petitioner, both sustaining minor injuries. Petitioner had to be airlifted to Sutter-Roseville Medical Center.

When the accident occurred, witnesses, James Heathcock and Gary Fitch, truck-drivers that had seen the car traveling 60 -65 miles per hour while

1    passing moments before the accident, Fitch continued West on Hwy. 80 through

2    Dyack where he came upon a fire on the right shoulder of the embankment, where

3    the vehicle had gone down the hill. Fitch noticed passenger Lamb was the first

4    up the embankment. Fitch helped Daley up the embankment and both Lamb and

5    Fitch carried Hernandez up the embankment. Petitioner (Flowers) was thrown

6    from the vehicle and crawled up the embankment on his own. Eventually

7    California Highway Patrolmen, William Weldon and Jeffrey Herbert arrived

8    proceeding to apply medical attention to the passengers and taking statements

9    at which time it was clear all passengers were intoxicated and had been drinking

10    during the evening. After Highway Patrolman Weldon had taken statements of

11    Lamb and Daley, he proceeded to come to the conclusion, Petitioner was the

12    driver of the vehicle then stated he told Petitioner, he was under arrest and

13    phoned ahead to the Auburn California Highway Patrol to obtain and witness

14    a blood draw at the Medical center. Petitioner was eventually arraigned on

15    September 11, 2001 and sentenced on April 28, 2003 under the Three Strikes

16    Law by the Superior Court of Placer County.

I

PETITIONERS SENTENCE WAS IN VIOLATION OF THE FIFTH AND FOURTEENTH
AMENDMENTS OF THE UNITED STATES CONSTITUTION BECAUSE HE WAS WRONGLY
CHARGED AND CONVICTED OF OFFENSES NOT NOTICED AT THE PRELIMINARY HEARING

### STATEMENT

On September 11, 2001, Petitioner plead NOT GUILTY to a number of charges

in violation of California Penal and Vehicle Code.  Penal Code Section § 191.5

as Count 1, (Gross Vehicular Manslaughter) and Vehicle Code Section § 23153

subdivisions (A) and (B), (Driving under the influence causing injury) as

Count 2 and (Driving with a blood alcohol level of ).08%, as Count 3, it was

further alleged that there be Special Allegations charged to Petitioner in

violation of California Penal Code Section § 12022.7 causing death or great

bodily injury to one or more victims.  It was Further alleged pursuant to

a violation of California Penal Code Section § 667 (b)-(i) and § 1170.12

(a)-(d), the Petitioner has suffered three prior felony convictions.  On

(1/20/87) in violation of two counts of (Pen. Code § 211 from Sonoma,

California and in violation of (Pen. Code § 459 from Elko, Nevada.  The same

violations were alleged under California Penal Code Section § 667.5 for prior

prison terms.

When the District Attorney asserted the Special Allegations against the

Petitioner, in specific, the charge of (Pen. Code § 12022.7), the prior felony

convictions became an element of current offense, and the same element cannot

be used to increase the maximum mandatory sentence which is implicated here

for the offense shown on record.  It is also an integral part to plead and

prove the prior felony convictions as well as the Special Allegations brought

against petitioner at Preliminary Hearing to ensure that there is no violation

of (Pen. Code § 654 ) which seems to appear here.  There has to be a strict

standard of review in order to show the Petitioner has His Due Process Rights

protected of multiple or cumulative punishment.  Due Process prohibits a

(4)

criminal conviction except beyond a reasonable doubt, proof of every fact

necessary to constitute a charged crime.  Under California Penal Code Section

§ 1009 states:

"An indictment or accusation cannot be amended so as to change the offense

charged nor an information so as to charge an offense not shown by the evidence

taken at the Preliminary Hearing."

A through reading of the Preliminary Hearing Transcripts reveals no

charging or proof of prior felony convictions which became elements of the

current offense through Special Allegation charge, charged and presented at

the Preliminary Hearing by the State.  Further, there was no substantial

evidence proving the Special Allegations were committed by the Petitioner

and not by one of the other passengers in the vehicle.  On (page 4) lines

7 thru 28 of the Preliminary Transcripts the Court as well as the District

Attorney ( Mr. Gini) states on record of stipulations to one count.  Also

on (page 5) line 5 thru 27 and on thru (page 6) of the Preliminary Transcripts

and (page 7) line 1 thru 15 it is indicated of only one exhibit, and the

District Attorney stipulates on line 9 of (page 7) he will file an information

in regard to what is proven during the hearing.  Further moving ahead to (page

118) and to (page 119), the court sets the allegation charges over for (10)

ten days.  On (page 120) the court sets the arraignment for trial on December

10, 2002.  This Preliminary Hearing was held on November 28, 2001.

### POINTS AND AUTHORITIES

The United States Constitution guarantees every defendant the right to

be advised of the nature and cause of the charges against him.  This also

includes any and all prior felony convictions that become elements of the

current offense that are used against him as well as Special Allegations used

against him.  [Rogers v Peck (1905 199 U.S. 425][Garland v Washington (1914)

232 U.S. 642].  Both cases state defendants must be given adequate advisement

(5)

1  of the charges so they can prepare and present their defense, as well as not

2  be surprised by evidence offered at Trial, [In Re: Hess (1955) 45 Cal. 2d.

3  171][In Re: Oliver (1948) 333 U.S. 257, 273].  See also [People v Burnett

4  71 Cal. App. 4th 151, 83 Cal. Rptr. 2d. 629].  As in Burnett, Petitioner was

5  denied his Federal Due Process to be given adequate notice and nature of

6  charges to be brought against him.  Specifically, the Petitioner was found

7  to be guilty of charged offense and Special Allegations under California Penal

8  Code Section § 667 subd. (b)-(i) and § 1170.12 subd. (a)-(d).  Under Penal

9  Code Section § 1009 which states in relevant part, "A criminal defendant may

10  not be convicted of an offense not shown by evidence given at the Preliminary

11  Hearing."

12    What was stated in the Preliminary Hearing Transcript on (page 118) lines

13  19-21 and lines 27-28 and (page 119) lines 1-5 was that any Special Allegations

14  to be filed would be within (10) ten days.  That was never done or proven

15  at Preliminary, so Petitioner could not be convicted of said charges.  In

16  testing sufficiency of evidence. "[T]he proper test to determine a claim of

17  insufficient evidence in a felony conviction or criminal case is whether on

18  the entire record a rational trier of fact must find Petitioner guilty beyond

19  a reasonable doubt." [Jackson v Virginia (1979) 443 U.S. 307, 318, 319].  A

20  two tier level was enunciated.  First, we must resolve the issue in light

21  of the whole record...second, we must judge whether the evidence of each of

22  the essential elements are substantial.  California Courts have further defined

23  how reviewing Courts should determine what is substantial evidence,

24  "substantial evidence is that which is reasonable, credible, and solid in

25  value."  Substantial evidence was tested, and has been reaffirmed by the

26  California Supreme Court, the California Appellate Courts have recently

27  cautioned that evidence and findings in regard to judgments by strictly

28  informed as recognized in [Lilian v Superior Court (1984) 160 Cal. App. 3d.

(6)

1  314, 320]. There are varying degrees of proof required by law. Evidence

2  Code Section § 115...specifies these different burdens of proof. 1) Proof

3  beyond a reasonable doubt, 2) Proof by clear and convincing evidence, 3) proof

4  by a preponderance of the evidence. Clear and convincing evidence requires

5  a finding of high probability. Such a test requires evidence be clear as

6  to leave no substantial doubt, sufficiently strong enough to command

7  unhesitating assent of every reasonable mind. A preponderance of evidence

8  standard simply requires the trier of fact is more probable than its now

9  existence. Due Process prohibits a criminal conviction except beyond a

10  reasonable doubt, proof of every fact necessary to constitute the charged

11  crime. [In Re Winship (1970) 397 U.S. 358, 361-364, 90 S. Ct. 1068]

12  Specifically requires the Constitution guarantee that the prosecution has

13  to prove every element of a crime beyond a reasonable doubt, not merely a

14  preponderance of the evidence.

15      With regard to the Petitioners prior felony convictions, the assertion

16  by the District Attorney that the Petitioner had been convicted of any prior

17  felony convictions was abrogated when the State failed to provide sufficient

18  evidence of the priors at the Preliminary Hearing or prior to dismissing the

19  jury. As has been decided on numerous occasions in this Court, when a prior

20  conviction becomes an element of a current offense, and the defendant is tried

21  by a jury, the <u>exact same jury must</u> be the decider of those priors by setting.

22  When the Presiding Judge in the Petitioners case dismissed the jury after

23  trial without that jury having been seated at a separate bifurcation

24  proceeding, the Judge is essence dismissed those priors. [People v Hockersmith

25  Cal. App. 3d. 968].

26      There was no evidence provided to find guilt in alleged Special

27  Allegations charged to Petitioner as stated in Transcripts provided. An

28  information was to be filed and never was. petitioner was found guilty and

1  convicted of those allegations.  Please refer to (pages 624-626) of the Trial

2  Transcripts.  For these reasons, Petitioners sentence must be reversed and

3  remanded back to the Trial Court for an Evidentiary Hearing (Exhibit A).

II

PETITIONERS ILLEGAL RESTRAINT IS BECAUSE HE WAS DENIED HIS CONSTITUTIONAL
RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AS GUARANTEED BY THE
SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES AND BY ARTICLE I,
SECTION 15 OF THE CALIFORNIA CONSTITUTION

STATEMENT

Petitioner, Alvin S. Flowers was charged with three counts and two Special

Allegations.  It was further alleged the Petitioner suffered three prior felony

convictions under California Penal Code Section § 667 subd. (b)-(i) and §

1170.12 (a)-(d) as well as three prior prison terms under Penal Code Section

667.5 subd. (b).  During Petitioners Preliminary Hearing, Defense Counsel

agrees with District Attorney (Mr. Gini) on (page 4) line 7-28 about

stipulations of a blood alcohol level with no evidence submitted by the

District Attorney.  Again on (page 5) line 4-28, Defense Counsel (Mr. Klein)

agrees to find Petitioner guilty of G.B.I. to Lamb and Daley.  As standard

Defense strategy by Counsel, Petitioner would hope Counsel acts in a competent

and reasonable potential for a meritorious defense.  Petitioner was also

arraigned on September 11, 2001 after being under arrest on September 5, 2001.

Six (6) days from arrest to arraignment, four (4) days past the required time

by the California Penal Code Section § 959 (b).  Defense Counsel for the

Petitioner should have filed a 995 motion for dismissal on behalf of his

clients interest.  Furthermore, during the trial of Petitioner, please refer

to (page 615) of the Trial Transcripts lines 15-28.  Defense Counsel persuades

his Client to admit his priors before the jury comes back for the plea

deliberation.  Petitioner is somewhat pressured by the Court to dispose of

his priors right then.  It Specifically states that a defendants priors that

are not admitted must be decided after the jury has decided the guilt phase

unless the defendant admits his priors.  On (page 616 thru 620) of the Trail

Transcripts, the Court has Petitioner admit to his priors before the jury

returns with a deliberation finding.  This is a violation of petitioners Due

(9)

1  Process Rights.

2                           POINTS AND AUTHORITIES

3      The standard of review for effective assistance of counsel, the Petitioner

4  must prove the burden of an adequate assistance of counsel.  The defendant

5  must prove counsel failed to act as a reasonable competent attorney and that

6  defense counsels acts resulted in the withdrawal of a potentially meritorious

7  case of defense.  [People v Pope, supra, 23 Cal. 3d. pg. 425].  Defense counsel

8  provided no assistance in failing to file 995 motion for dismissal at

9  arraignment as well as at Preliminary Hearing where counsel allows the District

10 Attorney to enter admissible prejudicial evidence on hearsay that is very

11 questionable which is stated later in the Preliminary Hearing it would be

12 ruled on later within (10) ten days.  (Pages 118-119) of the Preliminary

13 Hearing counsel's function in representing a criminal defendant is to assist

14 defendant, and hence counsel owes client a duty of loyalty and a proper

15 standard that is reasonably effective assistance.  [Strickland v Washington

16 (1984) 466 U.S. 668, 687, (104 S.Ct. 2052, 2064, 80 L.Ed. 2d. 674)]  Defense

17 Counsel also advised Petitioner to disregard a proffered deal from the District

18 Attorneys Office of (11) eleven years.  Counsel abused his authority by

19 declining the offer before giving Petitioner his right to refuse or except

20 the offer.  That decision should be solely based on Petitioner or Defendants

21 choice.  [In Re: Alvernaz (1992) 2 Cal. 4th].

22      It is obvious at this point, that trial counsel's defense and advice

23 was below standard performance and if Defense Counsel had raised a more

24 diligent approach to offer a more favorable result.  It is Petitioner's opinion

25 Counsel's deficient effort and performance where the defendants interest is

26 and can be protected by making an argument for a more favorable outcome were

27 not met here.  From counsel's function as assistant to defendant derive the

28 overarching duty to advocate defendants cause and more pertinent duties to

                                    (10)

1  consult with defendant on important decisions and to keep defendant informed

2  of all developments and offers made by the District Attorney.  Furthermore

3  to allow Petitioner to admit his prior felony convictions before the Judge

4  has reached a verdict was ill-advised and Defense Counsel was not conscientious

5  in his actions as an advocate for the defendant.  Therefore, based on the

6  order to prove prejudice in a claim of ineffective assistance of counsel,

7  Petitioner has shown that through the unprofessional errors, the proceedings

8  and outcome would have been a different and more favorable outcome.  Although

9  the record is silent on why defense counsel was deficient on declining the

10 proffered deal by the District Attorney for (11) eleven years.  The record

11 does show certain deficient tactical decisions and objections.  These issues

12 have been properly presented on appeal.  There can be no satisfactory

13 explanation why defense counsel's misconduct most certainly undermined

14 Petitioners outcome.  Petitioner's conviction must be reversed because trial

15 counsels ineffective representation caused due prejudice.  (Exhibit B)

16

17

18

19

20

21

22

23

24

25

26

27

28

III

PETITIONERS CONVICTION MUST BE REVERSED DUE TO HIS SPEEDY TRIAL RIGHT
WAS VIOLATED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

STATEMENT

Petitioner, Alvin S. Flowers was arrested on September 5, 2001 by
California Highway Patrolman (William Weldon) in Placer County.  Petitioner
was arraigned on September 11, 2001 with no probable cause hearing held within
(48) forty eight hours as mandated by the State and Federal law.  Further
there was no Preliminary Hearing held within (10) ten days.  Under California
Constitution Article I, Section 15, a person becomes an accused when an
accusatory pleading is filed, or an arrest is made, whichever comes first.
Due to a series of procedural errors, Petitioner was also denied a timely
Preliminary Hearing which is also mandated by law to take place no later than
(60) sixty days after arraignment.  This caused a fundamental miscarriage
of justice to occur which caused Petitioner to suffer prejudice during trial.
[Dogget 505 U.S. 651]  Petitioner suffered prejudice during the period of
confinement to trial while lay opinion assessment was being made by the
witnesses and prosecution to combine under prejudice and weakened his case.
The Court stated in Dogget, the Court did not require affirmative proof as
to the exact prejudice.  It stated [E]xcessive delay presumptively compromised
the reliability of a trial in ways that neither party can prove or for that
matter, identify.  While such presumptive prejudice cannot alone carry a Sixth
Amendment claim without regard to the other Barker Criteria, [Barker v Wingo
(1972) 407 U.S. 514, 33 L.Ed. 2d. 101, 92 S.Ct. 2182], it is part of the mix
of relevant facts and its importance increases with the length of delay.
Because the Sixth Amendment right has been violated by the undue delay or
extensive continuances in Petitioners case from arrest on September 5, 2001
to arraignment on September 11, 2001, to Preliminary Hearing on November 28,

(12)

1  2001 to trial on January 8, 2003, and nonetheless substantial.

2  POINTS AND AUTHORITIES

3  A probable cause hearing must be held promptly after arrest for persons

4  arrested without a warrant, [Gerston v Pugh (1975) 420 U.S. 103, 125, 95 S.Ct.

5  854, 868!] At the latest, it must be held within (48) forty eight hours after

6  arrest. Weekends and Holidays are not excluded from the (48) hours. The

7  hearing may be combined with the arraignment if held within the (48) hours.

8  [County of Riverside v Mclaughlin (1991) 500 U.S. 44, 111 S.Ct. 1661, 1670].

9  The Preliminary Hearing in Petitioner's case was not held until November 28,

10  2001. The Preliminary Hearing pursuant to Penal Code Section § 859 (b) must

11  be held within (10) ten court days for a defendant who has been in custody

12  ten or more days solely on a felony complaint. There may be continuances

13  beyond the ten day court period only if defendant Personally waives that limit.

14  (Pen. Code § 859 (b)). There were no time waivers made personally by the

15  Petitioner at arraignment. If the defendant is not in custody, or if the

16  hearing is being continued for good cause, the Preliminary Hearing must be

17  set within (60) sixty days of arraignment or the case must be dismissed by

18  the court. (Pen. Code § 859 (b)). There is prejudice in the delay of

19  Petitioners trial and Preliminary Hearing as well as his arraignment and must

20  be addressed by the District Court. [U.S. v Marion (1971) 404 U.S. 307, 92

21  S.Ct. 455][Struck v U.S. (1973) 412 U.S. 434, 93 S.Ct. 2260].

22  Further presenting a waiver from Petitioner on silent record is

23  impermissible. The record must show, or there must be an allegation and

24  evidence which show that the accused was offered counsel of waiver but

25  intelligently and understandably rejected the offer, anything less is not

26  a waiver. By presuming a waiver of fundamental rights such as a speedy trial,

27  from inaction is inconsistent with the courts pronouncement on waiver of

28  constitutional rights. The Court has ruled similarly with respect to waiver

(13)

1  of other rights designed to protect the accused. **[Miranda v Arizona (1966)**

2  **385 U.S. 436, 475-476; 86 S.Ct. 1602]** There are cases in which delay

3  appreciably harms the defendants ability to defend himself, moreover, a

4  defendant confined to jail prior to trial is obviously disadvantaged by delay

5  as is a defendant released on bail, but unable to lead a normal life because

6  of community suspicion along with his own anxiety. A defendant has no duty

7  to bring himself to trial, the state has the duty of insuring that the trial

8  is consistent with due process. The factor is the prejudice to the defendant.

9  Prejudice should be assessed in the light of the interests of the defendants

10  which the speedy trial right defends and was designed to protect. In this

11  case the Petitioner along with the other passengers (witnesses) memories are

12  all impaired by the delay to an already skewed evidentiary finding at the

13  scene from alcohol and the accident itself. Lamb and Daileys statements were

14  given while intoxicated at the scene, (CHP) officer Weldon's lay opinion of

15  truth-fulness of Lamb and the undue delay of trial was extremely prejudicial

16  in fairness to Petitioners Due Process and Speedy Trial Rights. Loss of memory

17  isn't always reflected on the record, because what is forgotten can rarely

18  be shown. Prosecution Witnesses who are unable to recall such facts of distant

19  past.

20      Petitioner asks the Court to weigh the deficiency and difficulty to

21  illustrate a fairness of his speedy trial rights and consider the prejudice

22  and extraordinary circumstance of balancing his due process. Petitioner asks

23  his judgment be reversed and remanded back to court for an evidentiary hearing.

24      Wherefore, Petitioner prays that this Court will order appointment of

25  counsel to represent Petitioner regarding the matters contained herein because

26  of the complex legal nature of the arguments made, and because Petitioner

27  is indigent and cannot afford counsel to represent him.

28

IV

THE COURT ERRED IN IMPOSING A FINE UNDER GOVERNMENT CODE SECTION 13967, SUBDIVISION (a) WITHOUT ASCERTAINING PETITIONERS ABILITY TO PAY.

A) In imposing a restitution fine under government code section 13967, subd. (a). The Trial Court must consider a defendants ability to pay.

In this matter, a ($5,000) five thousand dollar restitution fine pursuant to Government Code Section 13967, Subd. (a) was assessed at the time Petitioner was sentenced. Government Code Section 13967, Subd. (a) as amended effective September 12, 1992 provides:

"In addition, if a person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than Two hundred dollars ($200), subject to the defendants ability to pay it, and not more than ten thousand ($10,000) dollars."

The emphasized language was added by the 1992 amendment because the previous version of Government Code Section 13967, Subd. (a) did not include any such language, the language changed has been changed under a new statute which evidences a requirement that trial courts determine the defendant's ability to pay a restitution fine before imposing one.

The use of the phrase, "subject to" in statutes concerning orders to pay reflects a clear legislative intent to require the court to make a determination of ability to pay prior to its order. [People v McMahan (1992) Cal. App. 4th 740, 749]. In McMahan, this court interpreted Penal Code Section § 290.3, which provides for fines of ($100) for a first offense, and ($200) for a second offense, "unless the court determines a defendant does not have the ability to pay," as not creating a requirement that the court determine ability to pay prior to its order. The court noted that if the legislature had wanted to require a determination of ability to pay prior to its order, it could have used the words "provided" or "subject to" instead of "unless".

1  (Id. emphasis supplied)  Because those words were not used, the court affirmed

2  a fine imposed without determination of defendants ability to pay.  Unlike

3  the statute at issue McMahan, Government Code Section 13967, Subd. (a) uses

4  the language, "subject to" bringing it in the requirement of assessment of

5  ability to pay contemplated, but not present in McMahan.

6      Further, the amount of the fines at issue in Penal Code Section 290,

7  ($100) - ($200) was noted by the McMahan court as being sufficiently de minus

8  so that the legislature might have chosen not to burden the courts with the

9  requirement to determine ability to pay before ordering them.  In contrast,

10  fines imposed under Section 13967, Subd. (a) may involve sums as large as

11  ($10,00), so extension of McMahan logic compels conclusion that the legislature

12  intended to include in the statutes a requirement of prior determination of

13  ability to pay.  It could be argued that if the court imposes the minimum

14  fine of ($200), it need not ascertain ability to pay.  However, in only citable

15  case interpreting Section 13967, Subd. (a), [People v Frye (1994) 21 Cal.

16  App. 4th 1483], the Third District held that, "even the imposition of the

17  minimum fine must be subject to a defendants ability to pay." [People v Frye,

18  supra, 21 Cal. App].

19      B) The imposition of a fine under a statute requiring a prior
       determination of a defendant's ability to pay is valid only where the

20      court makes a required Express Determination on the record.
       For the reasons discussed above, Government Code Section 13967, Subd.

21  (a) is a statute which requires a prior determination of ability to pay.

22

23  An examination of analogous statutes requiring such a determination demonstrate

24  that fines imposed without such determination are invalid.  Please see [People

25  v Wardlow (1991) 227 Cal. App. 3d. 360, 372] no excuse for courts failure

26  to determine whether Petitioner has the ability to pay a restitution fine

27  pursuant to (Penal Code Section § 1203.1h);  [People v Adams (1990) 224 Cal.

28  App. 3d. 705, 712-713] court erred in failing to determine whether appellant

(16)

1  had ability to pay pursuant to (Penal Code Section § 1203.1b).  Moreover,

2  the court's consideration of the ability to pay must be a matter of record

3  in order to ensure that the court was aware of its discretion and exercised

4  it, and to permit an appellate review, (see e.g.) [People v Goulart (1990)

5  224 Cal. App. 3d. 71, 84][People v Ryan (1988) 203 Cal. App. 3d. 189, 196]

6  [People v Vournazos (1988) 198 Cal. App. 3d. 948, 957] In [People v Barker

7  (1986) 182 Cal. App. 3d. 921]  The Court reversed a restitution fine imposed

8  under pre-1984 version of Government Code Section § 13967, Subd. (a) because

9  it appeared from the record that the trial court failed to consider the

10  appellants ability to pay.  [Id. at pg. 943)  The record in Barker revealed

11  discussion between the court and counsel indicating assumptions that appellant

12  would be earning money in state prison and might even some day manage to obtain

13  other money through a judgment or award.  For instance, the prosecutor

14  suggested that the appellant might pay a portion of the restitution with the

15  money appellant earned in prison, and pay the rest following his release.

16  Despite the court's acknowledgment that these in the record allowed an

17  implication that the trial court had considered the defendant's ability to

18  pay, in the absence of a clear determination by the court on the record, it

19  held that "The more appropriate interpretation is that the trial court failed

20  to determine the ability to pay and remand is therefore necessary to permit

21  trial court to make this determination." (Id. at pp. 943-944)  Not even the

22  perfunctory level of discussion found inadequate in Barker occurred in

23  Petitioners case.

  C) Appellant did not waive his right to a determination of his ability
24  to pay a restitution fine.

25

26

27  In the case of [people v Castro (1994) 94 Cal. App. 4th 3569] this court

28  examined the issue of waiver under section § 13967, Subd. (a).  In Castro,

1  the probation report recommended the imposition of a ($5,000) fine, and

2  appellant did not object to this recommendation.  Blankenship held that the

3  failure to object to a restitution order to be paid to the victim under Section

4  § 13967, Subd. (c) amounted to a waiver of the right to challenge accuracy

5  of monetary claims upon which the order was based.  However, the reviewing

6  court reached the merits of appellant's claim that the trial court erred in

7  ordering restitution in favor of a victim's insurer.  In Castro, this court

8  interpreted Blankenship as follows:

9      "We read Blankenship as holding the objections to the procedure followed

10 by the sentencing court in making restitution orders are waived by failure

11 to raise them in trial court, but a claim that the sentencing court has

12 exceeded its statutory power to impose a restitution fine may be raised for

13 the first time on appeal."  (Id. citing) [People v Neal (1993) 19 Cal. App.

14 4th 1114, 1120]

15     Castro holds as follows:

16     "The courts power to impose a fine pursuant to Government Code Section

17 13967, Subd. (a) is thus limited by statutory language.  It follows that if

18 there is no evidence of information before the court supporting a finding

19 of ability to pay, the court has exceeded its statutory power of imposing

20 the fine.  Thus, we hold the appellant did not waive his right to challenge

21 the restitution order on the ground that it is unsupported by evidence of

22 ability to pay."

23     Castro also discusses McMahan supra; an earlier decision by the District

24 Court.  It distinguishes McMahan is unlike Section § 13967.  It does not use

25 the words, "Subject to" and thus a finding of ability to pay was not

26 statutorily required as it is in cases decided under Section § 13967.

27 Petitioner is aware that in [People v Schenck (1994) 23 Cal. App. 4th 698]

28 the Third District held that a failure to raise the ability to pay issue in

(18)

1  Trial Court waives it on appeal.  This case is irreconcilable with <u>Castro</u>.

2  Wherefore, for all the foregoing reasons, Petitioner respectfully moves this

3  court find that the court erred in imposing a ($5,00) five thousand dollar

4  restitution fine without considering his ability to pay and that this portion

5  of the judgment requires reversal.  Please refer to sentencing transcript

6  pages (639-640).  (Exhibit C.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V

PETITIONER BELIEVES THE TRIAL COURT ABUSED ITS DISCRETION BY HEARING PETITIONERS APPEAL IN LIEU OF NEUTRAL JUDGE FROM THE APPELLATE COURT IN CALIFORNIA RULES OF COURT § 41.35

Petitioner would ask the District Court to hold an evidentiary hearing under California Rules of Court Section § 41.35 whereas the Presiding Judge of the Trial Court ruled on Petitioner's Writ of Habeas Corpus on Appeal. Petitioner would ask also that there be an evidentiary hearing on abuse of discretion by the Placer County Superior Court in failing to notify Petitioner of order returned to sender on Petitioner's Appeal. There was no effort to readdress the order by the court with the correct address and resend the order to Petitioner. Return to sender notified the Clerk of what was missing in the proper address and Petitioner's CDC number was on the Writ of Habeas Corpus. Petitioner is under a requirement to meet standards of time on response and ask the District Court to forego the constraint under Petitioners circumstance as a prisoner in California Department of Corrections. Please refer to, [Griffith v Kentuchey (1987) 479 U.S. 314][People v Murtshow (1989) 48 C. 3d. 1001, 1013, 258 CR. 821] Exhibit D Attached.


Dated: 1-17-07                                    Respectfully Submitted,


                                                  Alvin Scott Flowers, T-91323

1  ALVIN SCOTT FLOWERS T-91323
   SALINAS VALLEY STATE PRISON
2  FACILITY B, BLDG. 5 - 131
   P.O. BOX 1050
3  SOLEDAD, CA 93960-1050

4  In Pro Per

5

6

7  ALVIN SCOTTFLOWERS                    )
8              Petitioner,               )   CASE NO:
                                         )
9                                        )   AFFIDAVIT AND MOTION FOR
                                         )   LEAVE TO FILE AND PROCEED
10                                       )   IN FORMA PAUPERIS IN THE
                                         )   FOREGOING ATTACHED MATTER
11                                       )
                                         )
12 MICHAEL EVANS, WARDEN, ET, AL.        )
              Respondent,                )
13 _____)

14

15      I, Alvin Scott Flowers hereby move this Court for leave to

16 file and proceed in the foregoing and attached action(s) without

17 prepayment of fees, costs or security htereof.

18      **IN SUPPORT OF MY APPLICATION, I DECLARE:**

19 1.   I am unable to pay cost of said action including cost of

20      duplication, or give security due to the fact that I am

21      indigent and incarcerated at Salinas Valley State Prison,

22      Soledad, California and am unable to earn or otherwise

23      obtain the funding required to prosecute the aforementioned

24      cause of action successfully.

25 2.   My assets are  $ 0.00.

26 3.   My income is   $ 0.00.

27 4.   The nature of the attached action is briefly as follows:

28                           (21)

1

2      For all the foregoing reasons, I pray this court grant

3   this action and or motion, permitting me to proceed IN FORMA

4   PAUPERIS with the attached motion(s).

5      I declare under penalty of perjury under the laws of the

6   State of California that the foregoing statements are true and

7   correct.

8      Executed this __11__ day of ___17___ 2007 at Salinas

9   Valley State Prison, in Monterey County California.

10

11   _____

    Alvin Scott Flowers T-91323
12   Petitioner, IN PRO PER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATION

I, Alvin Scott Flowers    , State:

I am the petitioner in this action, I have read the foregoing Writ of Habeas Corpus, Convict. Sen. and the facts stated therein are true of my knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at SALINAS VALLEY STATE PRISON

on __11 - 17_____ 2007.

_____
ALVIN SCOTT FLOWERS          Petitioner

T-91323_____
State ID Number

(23)

## PROOF OF SERVICE

I, Alvin Scott Flowers    ·  DECLARE:

That I am over the age of 18, and a party to the herein
cause of action, and that I reside at Salinas Valley State Prison,
Soledad, California in Monterey County.
My Mailing Address is:

ALVIN SCOTT FLOWERS T-91323
SALINAS VALLEY STATE PRISON
FACILITY B, BLDG. 5 - 131
P.O. BOX 1050
SOLEDAD, CA 93960-1050

On ___//_-_/_7_-____ 2007, I delivered to Prison Officials
for mailing the following legal documents:

### WRIT OF HABEAS CORPUS, CONVICTION AND SENTENCE

In a sealed envelope by delivery to Prison Housing Officers,
to be placed into the inmate legal mail in accordance with the
Supreme Court Case; [Houston B. Lack, (1988) 487 U.S. 266, 108
S.Ct. 2379]. and address to:

CLERK OF THE COURT FOR THE NORTHERN DISTRICT
UNITED STATES DISTRICT COURT NORTHERN
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

I declare under penalty of perjury under the laws of the
State of California, that the foregoing statements are true
and correct.

Executed at Salinas Valley State Prison, Soledad, California

on ___//_-_)_7_-_____ 20 07

_____
ALVIN SCOTT FLOWERS

Petitioner, In Pro Per

## EXHIBIT A

### Preliminary Hearing Transcripts

| Line # | Page # |
|---|---|
| 7-28 | 4 |
| 5-27 | 5 |
| 1-28 | 6 |
| 1-15 | 7 |
| 9 | 7 |
| 1-28 | 118 |
| 1-28 | 119 |
| 1-28 | 120 |
| 19-21, 27-28 | 118 |
| 1-5 | 119 |

### Trial Transcripts

| Line # | Page # |
|---|---|
| 1-28 | 624 |
| 1-28 | 625 |
| 1-28 | 626 |

1    the preliminary examination in this case. Both sides ready to

2    proceed?

3        MR. GINI: Yes, your Honor.

4        MR. KLEIN: Yes, your Honor.

5        THE COURT: Are there any motions to be made before we

6    talk about some stipulations? All right. Hearing no motions,

7    I understand there were a few stipulations for purposes of

8    preliminary examination. My understanding is that for purposes

9    of preliminary examination only that the defense was willing to

10   stipulate to a blood alcohol taken at a .18 for Mr. Flowers

11   some short period of time after the automobile wreck.

12       MR. GINI: Your Honor, I believe what the stipulation is

13   that Jon Knapp is deemed to have testified the blood alcohol

14   that was taken more than two hours after the crash is a .18.

15   And that if Jon Knapp were to testify, he would indicate that

16   the defendant's alcohol at the time of driving would have been

17   above a .20.

18       THE COURT: Mr. Klein, for purposes of preliminary

19   examination?

20       MR. KLEIN: I agree that's what Mr. Knapp would have

21   testified to, and I will so stipulate.

22       THE COURT: All right. Also I understand there was a

23   stipulation as to great bodily injury as to certain victims.

24       MR. GINI: Yes, your Honor. They are alleged in one

25   count at this point. We reserve the option to break them out

26   into separate counts, the multiple victims in the case, along

27   with the decedent -- we'll get to that stipulation in a

28   moment -- along with the decedent, as well as Jonathan Lamb and

                                                                        4

1    Betty Daily, and the stipulation for purposes of the prelim is

2    that they received great bodily injury as a result of this

3    collision.

4         MR. KLEIN:  We had a discussion about this in chambers.

5    I think what I told Mr. Gini prior to going into chambers is

6    that I was going to stipulate to all medical records and not

7    have an issue with that.  My read of the medical records does

8    not indicate GBI with those two people.  Mr. Gini has assured

9    me that if it does not appear on better review of the medical

10   records to be a GBI situation with those two victims, he won't

11   go forward with that, and I have full confidence in Mr. Gini in

12   that regard.

13        For the purposes of this hearing, I'll let that go.  I

14   thought what I was stipulating to really was that the people

15   suffered injuries, not that it was great bodily injury, because

16   my reading of those reports, I'll let that go for the purposes

17   of this hearing.  I don't think that is critical in the case in

18   that we have a Three Strikes case.

19        And the other stipulation I think we're going to get to

20   next is that one of the occupants of the vehicle, in fact, died

21   as a result of this accident, and I will stipulate that the

22   accident was the cause of death and that she was in the car.

23        THE COURT:  All right.  Well, then for purposes of

24   preliminary examination only, are you willing to just allow the

25   Court to find GBI as to Lamb and Daily with the understanding,

26   of course, that more work will be done with regard to the

27   actual injuries?

28        MR. KLEIN:  Yes.

5

1    THE COURT: All right. And you join in the stipulation,

2  Mr. Gini?

3    MR. GINI: Yes, your Honor.

4    THE COURT: Okay. Appreciate that. I understand the

5  agreement and certainly if they're not there, they're not

6  there.

7    MR. GINI: That's correct.

8    THE COURT: Next stipulation as to the decedent in the

9  case?

10    MR. GINI: Your Honor, if the Court pleases, we could

11  mark the report that was prepared by Dr. Henrikson, the

12  pathologist for the County, which sets forth the cause of

13  death. I could ask that be marked and received into evidence,

14  and it recites the cause of death in there, the multiple blunt

15  force trauma.

16    THE COURT: Any objection to that, Mr. Klein, for

17  purposes of the preliminary examination?

18    MR. KLEIN: No.

19    THE COURT: Let's have that report marked as number 1 for

20  identification. Mr. Klein, you also have a copy of that?

21    MR. KLEIN: Yes, I do, your Honor.

22    THE COURT: Be marked as number 1 and admitted into

23  evidence by stipulation, gentlemen?

24    MR. GINI: Yes, your Honor.

25    THE COURT: Mr. Klein?

26    MR. KLEIN: Stipulated.

27    THE COURT: All right. Stipulated into evidence.

28  ////

6

1                        (Exhibit No. 1 was marked and received

2                            into evidence.)

3        THE COURT:  Any other stipulations entered into at this

4    time?

5        MR. GINI:  The only other discussion, your Honor, was

6    about prior convictions and so forth, and I'd indicated to the

7    Court the preference to file an information after today's

8    hearing and obviously have the opportunity to make adjustment

9    where necessary with regard to what's proved here at the prelim

10   and with regard to prior convictions if we learn anything

11   different about them.

12       THE COURT:  All right.  Understood.  Thank you.  And who

13   would be your first witness, please?

14       MR. GINI:  People call California Highway Patrol Traffic

15   Officer Herbert.

16

17                        JEFFREY HERBERT

18   called as a witness on behalf of the People herein was sworn,

19   examined, and testified as follows:

20       THE COURT:  Please come forward.  Good morning.

21       OFFICER HERBERT:  Morning, your Honor.

22       THE COURT:  Please raise your right hand, sir.

23       Do you solemnly swear that the testimony you are about to

24   give in this hearing shall be the truth, the whole truth, and

25   nothing but the truth, so help you God?

26       THE WITNESS:  I do.

27       THE COURT:  Please state your name and spell your last.

28       THE WITNESS:  Jeffrey Herbert, H-e-r-b-e-r-t.

7

## EXHIBIT B
Preliminary Hearing transcripts

| Line # | | Page # |
|---|---|---|
| 7-28 | | 4 |
| 4-28 | | 5 |
| 1-28 | | 118 |
| 1-28 | | 119 |

Trial Transcripts

| Line # | | Page # |
|---|---|---|
| 15-28 | | 615 |
| 1-28 | | 616 |
| 1-28 | | 617 |
| 1-28 | | 618 |
| 1-28 | | 619 |
| 1-28 | | 620 |

1   either passenger or driver of the car.

2        However, I remind the Court that the officers testified

3   that there was significant intrusion into the traffic -- into

4   the passenger compartment in the driver's side rear seat which

5   is where all the witnesses say Rennea Hernandez was seated.

6   One officer stated that kind of intrusion would be responsible

7   for a significant injury.  She is the deceased party here.

8        The Court has an indication from the autopsy report as to

9   the extent of her injuries.  Moreover, the injuries that were

10  received by the driver are more on the right-hand side and do

11  not indicate that intrusion would have been near where he was

12  seated.  So the weight of that evidence also supports that he

13  was driving the vehicle.

14       As far as the rest, I believe there's a stipulation and

15  the People's burden has been sustained as to Count One, Count

16  Two, and Three.

17       THE COURT:  Thank you.  Mr. Klein?

18       MR. KLEIN:  Submit it.

19       THE COURT:  All right.  Pursuant to the various

20  stipulations as to blood alcohol, great bodily injury to the

21  victims for the purposes of preliminary examination, and in

22  considering Item Number 1, which was basically the coroner's

23  report with regard to the deceased person, Rennea Hernandez,

24  the Court does find that there's sufficient cause to believe

25  Count One, Two, and Three have been committed by this

26  defendant, and that the defendant may be guilty thereof.

27  Therefore, he is held to answer for those.  Also as to the

28  allegation of bodily injury to more than one victim, and in a

                                                              118

1   special allegation of great bodily injury as alleged at page 3.

2        It is my understanding that both sides have requested

3   this be set over for the purpose of allowing the district

4   attorney to file an information in approximately ten days.

5        MR. GINI:  That's correct.

6        THE COURT:  All right.  I will do that.  I intend to go

7   ahead and set this in Department 13 for arraignment.

8        MR. KLEIN:  Your Honor, I was just going to ask that

9   perhaps if -- since you heard the preliminary hearing, if we

10  could, in fact, set it here and maybe discuss the case.

11       THE COURT:  I'm not going to do the arraignment, but if

12  you would like to discuss it after I set it for arraignment

13  today, I'd be happy to discuss it with you.

14       MR. KLEIN:  That's fine.  Could you set it, though, in

15  Judge O'Flaherty's courtroom?

16       THE COURT:  I'm not going to do that because that causes

17  transportation issues.  If it is only for an arraignment, I

18  want to set it in Department 13 on a day that you are there or

19  Mr. --

20       MR. KLEIN:  I don't ever go to 13.  That's just why -- I

21  work out of Judge O'Flaherty's court that's why I asked that.

22       THE COURT:  We all know what Judge O'Flaherty's court

23  looks like most days.  That's why I am setting it in 13.

24       MR. KLEIN:  That's fine.

25       THE COURT:  What day would be most convenient for either

26  of you, Monday/Tuesday or Thursday/Friday?

27       MR. GINI:  I think Monday afternoon is convenient.

28  Monday morning, that's fine too.                         119

1        THE COURT:  That will be fine.  How about we set this for

2   Monday, December 10th, 8:30 in Department 13 for arraignment.

3   That will be the order for today.  I'm going to order the items

4   of evidence may be returned for the proffering parties for

5   safekeeping.  Again, gentlemen, if you wish to discuss the case

6   at this time, I'd be happy to do so with you.  And even in the

7   future if we can work out a time, I'll -- if I have time to do

8   that, I'll be happy to do that.  The defendant is remanded to

9   the custody of the sheriff on the bail as set.

10                      (Proceedings concluded at 3:30 p.m.)

11                      (Nothing omitted.)

12                              --o0o--

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                              120

1    THE COURT:  The record will reflect we're out of the

2    presence of the jury.  A couple of matters I want to attend do

3    at this point.

4    I will indicate for the record a stipulation that the

5    Court and counsel have settled the instructions prior to the

6    Court's delivery and the instructs as read are a stipulated set

7    of instructions by both sides reflecting all tactical

8    considerations to the extent the instructions are given or not

9    given unless at this time counsel has any exception to that

10   stipulation to state on the record.

11   Mr. Tellman?

12   MR. TELLMAN:  No.

13   THE COURT:  Mr. Klein?

14   MR. KLEIN:  No.

15   THE COURT:  We now have left the question of the prior

16   convictions.  Have you made a decision as to whether any

17   evidence needs to be presented or an admission?

18   MR. KLEIN:  We're not going there.

19   THE COURT:  In what sense?

20   MR. KLEIN:  We're not going to have them make that

21   decision, at least from my perspective right now.

22   THE COURT:  At one o'clock be prepared to present my

23   evidence.  I'll deal with it one way or the other.  One

24   o'clock, when the jury comes in.  It's very difficult to

25   conclude it at that point, so I want to take care of this --

26   MR. KLEIN:  Can I talk to my client real briefly about

27   that?

28   THE COURT:  Sure.

615

1                          (Conference between counsel and

2                          the defendant.)

3       MR. KLEIN:  I've discussed it with my client, and if we

4   reach that portion of the trial, he will admit the prior

5   convictions.

6       THE COURT:  Well, I really want to take care of it now.

7       Basically, Mr. Flowers, the way it works, your admission

8   of the prior convictions has no legal effect whatsoever if

9   you're found not guilty.  But if you are found guilty,

10  obviously, it will affect the ultimate disposition in the case.

11  The reason I want to take care of it now, sometimes this gets

12  overlooked and I don't want it overlooked.  And it's difficult

13  at the end of the case after the jury has returned a verdict to

14  do it because the jurors wants to talk to the lawyers and

15  lawyers want to talk to lawyers, and it creates a problem.

16      If you want it to talk this over with your attorney, I'll

17  put this over to one o'clock and hear the evidence or take your

18  admissions at that point.  I want to take go care of it

19  sometime or other.

20      If you need more time to talk to Mr. Klein, I'll be happy

21  to give it you.  I want to take care of it at this stage of the

22  trial.

23                         (Conference between counsel and

24                         the defendant.)

25      MR. KLEIN:  He's indicated he wants to take care of it

26  now.  I'm assuming he wants to admit the prior convictions.

27      THE COURT:  Let me ask you a couple of other questions,

28  Mr. Flowers.

                                                        616

1          You should understand that a trial on the prior
2     convictions has the same rights as a trial on the principle
3     case.  So you have waived your right to a jury trial on the
4     issue of the prior convictions, but you have the right for me
5     to receive evidence and to have a trial on whether or not you
6     were actually convicted of the prior serious felony conviction.
7          At that trial phase, you have the right to confront and
8     cross-examine any witnesses that would be called.
9          You have the right to bring into court any witnesses or
10    evidence that might help your case.
11         And also have the right to remain silent.
12         Do you understand all of that?
13         THE DEFENDANT:  Yes, I do.
14         THE COURT:  You also need to understand that the
15    consequences of your admissions, as as I indicated earlier, if
16    you admit the prior convictions at this stage of the trial but
17    are found not guilty of the principle crimes, then it will have
18    no effect on on you whatsoever.  You'll walk out of the
19    courtroom.
20         If, however, you are found guilty of any one of the
21    felonies and three prior serious felony convictions, the
22    consequence of your admission at that point will mean that the
23    Court will obligated as a matter of law to impose a sentence of
24    no less than 25 years to life under the Three Strikes Law.
25         Do you understand that?
26         THE DEFENDANT:  Yes, I do.
27         THE COURT:  Having all this in mind, do you wish to admit
28    the prior serious felony convictions?

1      THE DEFENDANT:  Yes, I do.

2      THE COURT:  On or about June 6, '87, were you convicted

3  of the crime of robbery in violation of Penal Code 211 in

4  Sonoma County?

5      THE DEFENDANT:  Yes.

6      THE COURT:  Also on June 6, '87, were you convicted of

7  another count of robbery in violation of Penal Code 211 in

8  Sonoma County?

9      THE DEFENDANT:  Yes.

10      THE COURT:  February 10th, '92, were you convicted of

11  residential burglary, a crime, out of Elko, Nevada, on that

12  date?

13      THE DEFENDANT:  Yes.

14      THE COURT:  Thank you very much.

15      Also, I didn't address this, but I should address this as

16  well, an additional allegation.

17      You have three prior prison terms, the issues are the

18  same.  You have the right to a jury trial.

19      The right to a court trial.

20      The right to confront witnesses.

21      The right to bring in evidence.

22      And the right to remain silent as to whether or not you

23  suffered the prior prison terms.

24      Again, if you admit the prior prison terms, it has

25  absolutely no effect on you now.  If you're found not guilty,

26  you still walk out of the courtroom.  If, however, you are

27  found guilty of any of the principle offenses, then the law

28  specifies that each prior prison term adds one year to your

1  sentence.

2      So do you understand the rights I have given you?

3      THE DEFENDANT:  Yes.

4      THE COURT:  Do you understand the consequences?

5      THE DEFENDANT:  Yes.

6      THE COURT:  And do you wish to admit the prior prison

7  terms?

8      MR. KLEIN:  Could I have one question with him right now.

9      THE COURT:  Yes.

10                         (Conference between counsel and the

11                         defendant.)

12     MR. KLEIN:  Go ahead, Your Honor.

13     THE COURT:  Mr. Tellman, there is one aspect of the prior

14  prison terms that I'm going to reserve on if necessary to the

15  time of sentencing.  I note that one prior prison term is

16  October 12th, '82, and the next prior prison term is

17  January 6th, '87.  That is presumptively washed out, so I'll

18  take the admission only and it will only have bearing if you

19  can establish that he was, in fact, in prison custody somewhere

20  in there, within the five-year window.

21     Otherwise, it will be of no consequence.

22     MR. TELLMAN:  Absolutely.

23     THE COURT:  With respect to a prison term that started on

24  or about October 12th, '82, for vehicle theft in Sonoma County,

25  do you admit that prior prison term?

26     THE DEFENDANT:  Yes.

27     THE COURT:  The next prior prison term is January 6, '87,

28  for the crime of robbery out of Sonoma County.

1        Do you admit that prior prison term?

2        THE DEFENDANT:  Yes.

3        THE COURT:   The residential burglary prison term that you

4    served in Elko, Nevada, starting February 10th, '92.

5        Do you admit that prior prison term?

6        THE DEFENDANT:  Yes, I do.

7        THE COURT:  Thank you very much.

8        Unless there's anything else, counsel, we'll adjourn, and

9    we just need to now how to get a hold of you.

10

11                         (Proceedings concluded.)

12                         ---oOo---

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                          620

1          THE COURT:  Either side wish to poll the jury with

2     respect to Count Two?

3          MR. TELLMAN:  No.

4          MR. KLEIN:  No.

5          THE COURT:  The clerk will record the verdict.

6          Verdict with respect to Count Three:

7          "We, the jury in the above-entitled action find the

8     defendant, Alvin Scott Flowers, guilty of a violation of

9     California Vehicle Code Section 23153(b), driving with .08

10    percent of blood alcohol causing jury, a felony, as charged in

11    Count Three of the First Amended Information."

12         Dated:  January 30, 2003; signed by the foreperson.

13         Ladies and gentlemen of the jury, is this your verdict

14    with respect to Count Three?

15         JURY:  Yes.

16         THE COURT:  Either side wish to poll the jury with

17    respect to Count Three?

18         MR. TELLMAN:  No.

19         MR. KLEIN:  No, Your Honor.

20         THE COURT:  Alligation with respect to great bodily

21    injury:

22         "We, the jury in the above-entitled action, find the

23    allegation that the defendant, Alvin Scott Flowers, caused

24    death to victim, to wit., Rennea Marie Hernandez, within the

25    meaning of Vehicle Code 23558 as alleged in the Information to

26    be true."

27         Dated:  January 30, 2003; signed by the foreperson.

28         Ladies and gentlemen of the jury, is this your verdict

624

1    with respect to your special allegation?

2        JURY:  Yes.

3        THE COURT:  Either side wish to poll the jury with

4    respect to this allegation?

5        MR. TELLMAN:  No.

6        MR. KLEIN:  No.

7        THE COURT:  Second allegation with respect to great

8    bodily injury:

9        "We, the jury in the above-entitled action find the

10    allegation that the defendant, Alvin Scott Flowers, caused

11    great bodily injury" -- and it should be simply "caused injury

12    to the victim," -- Jonathan Ted Lamb, witin the meaning of

13    Vehicle Code Section 23558, as alleged in the Complaint to be

14    true."

15        Dated -- undated.  I'll fill in the current date of

16    1/30/03; signed by the foreperson.

17        Ladies and gentlemen of this jury, is this your verdict

18    with respect to the second allegation?

19        JURY:  Yes.

20        THE COURT:  Either side wish to poll the jury with

21    respect to this allegation?

22        MR. KLEIN:  No.

23        MR. TELLMAN:  No.

24        THE COURT:  And a third special allegation:

25        "We, the jury in the above-entitled action find the

26    allegation that the defendant, Alvin Scott Flowers, again

27    caused injury to victim, to wit., Betty Louise Dailey, within

28    the meaning of Vehicle Code Section 23558, as alleged in the

1  Complaint to be true."

2       Again, undated.  I will date the form January 30th, 2003.

3       Signed by the foreperson.

4       Ladies and gentlemen of the jury, is this your verdict

5  with respect to the third special allegation?

6       JURY:  Yes.

7       THE COURT:  Either side wish to pole the jury with

8  respect to this allegation?

9       MR. KLEIN:  No.

10      MR. TELLMAN:  No.

11      THE COURT:  Ladies and gentlemen of the jury, this now

12  completes your service in this case.  I want to publicly thank

13  you for that.  This now frees you -- by reaching verdicts in

14  this case, it now frees you of the admonition not to talk about

15  the case.  You can talk to anyone you wish to about the case,

16  your spouse, your friends, your co-workers.  You can talk to

17  the lawyers about the case or someone from their offices.

18      At times attorneys do follow up on the verdict and it's

19  fair to comment, if you wish, on all aspects of the case, how

20  you reached your decision, what was important, what was

21  unimportant, all of that.

22      It's also your privilege not to talk about the case if

23  you don't wish to.

24      You may not be compelled to give any information about

25  the case if you choose not to.  It's the obligation of anyone

26  contacting you about the case to set a reasonable time and

27  circumstance about any conversation.  And if anyone acts

28  inappropriately in your judgment, you're to inform the Court

626

# EXHIBIT C

Sentencing Transcripts

| Line # | Page # |
|--------|--------|
| 1-28 | 639 |
| 1-28 | 640 |

1  stayed under the provisions of Penal Code Section 654.

2      The defendant having admitted -- having established

3  that there are three prior prison terms within the meaning

4  of Penal Code section 667.5(b) the defendant is ordered to

5  serve three years determinant consecutive to the life terms

6  and other determinate terms.

7      Accordingly, the sentence imposed in this case is the

8  effective term of 35 years to life.

9      To be given credit to the defendant is 598 actual

10  time, 89 days conduct for a total of 687 days.

11      The defendant is to pay a restitution fine of $5,000

12  under Penal Code Section 1202.4(b) and an additional

13  restitution fine $5,000 under Penal Code Section 1202.45.

14      Mr. Flowers, it is also my duty at this point to

15  advise you, you have the right to appeal the judgment of

16  this Court.  If you wish to file an appeal you must do so

17  within 60 days of today's date.  If Mr. Klein has not filed

18  it for you then it is your obligation to file that notice of

19  appeal.  It is filed with this Court.  Not the Court of

20  appeal.

21      It is your responsibility to designate what you're

22  appealing from, whether the judgment of this Court or entire

23  record of this Court.  If you wish to appeal the decision of

24  this Court you have the right to the assistance of an

25  attorney on appeal.  And if you don't have funds to hire

26  your own then one will be appointed to you.  You also are

27  entitled to free transcripts of the trial court proceedings.

28  It is your obligation to keep the appealate court notified

1    of your whereabouts if you do file a notice of appeal.

2          You understand the rights I have just explained to

3    you?

4          THE DEFENDANT:   Yes.

5          THE COURT:   Finally, it is my duty to inform you as

6    part of this judgment and sentence that you may be released

7    on parole after expiration of the term of imprisonment just

8    imposed unless the Board of Prison Terms waives parole for

9    good cause.   The period of parole shall not exceed five

10   years unless parole is suspended and you are returned to

11   custody for violation of parole.   In that event, the period

12   under parole supervision or in custody shall not exceed 24

13   months from the date of the initial parole.   However, if you

14   abscond any period following suspension or revocation of

15   parole until you are returned to custody shall not apply to

16   the limits on the parole term.

17         The defendant is remanded to the custody of the

18   Sheriff to be delivered to the Department of Corrections

19   upon preparation of the abstract.

20

21         (Whereupon the matter was concluded.)

22                     ---oOo---

23

24

25

26

27

28

EXHIBIT D

1   ALVIN SCOTT FLOWERS, T91323
    Salinas Valley State Prison
2   Facility B, Bldg. 5-131
    P.O.Box 1050
3   Soledad, Calif. 93960-1050

4   In Pro Per,

5          IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

6                  IN AND FOR THE THIRD DISTRICT

7

8   ALVIN S. FLOWERS                )
              Petitioner,           )
9                                   )          CASE NO: C044333
                                    )                   WHC 700
10              v                   )
                                    )          WRIT OF HABEAS CORPUS
11  PEOPLE OF THE STATE             )          CONVICTION AND SENTENCE
    OF CALIFORNIA                   )
12              Respondent,         )
                                    )
13  ─────────────────────────────────

14

15            Petition for Writ of Habeas Corpus

16          and Brief and Exhibits in Support Thereof

17          Petitioner Alvin Scott Flowers respectfully submits this

18  Petition to the Appellate Court in answer to an Order of Denial by

19  the Placer County Superior Court. Mr. Flowers asks the court for

20  review at the Appellate Court on his Superior Court Case Number:

21  62-23894 of Placer County. The following brief and exhibits in

22  support thereof for Petitioners request for review to ask for an

23  order to show cause on issues therein rasied in said petition in

24  accordance to the California Rules of Court and in compliance with

25  the Court of Appeal of the State of California Third District.

26

27          RECEIVED

28          DEC 12 2006

    Clerk-Court of Appeal,
    Third Appellate District

LIBRARY AND COURTS ANNEX
900 N STREET, ROOM 400
SACRAMENTO, CA 95814-4869
(916) 654-0209
www.courtinfo.ca.gov

**OFFICE OF THE CLERK**

## Court of Appeal

**THIRD APPELLATE DISTRICT**

STATE OF CALIFORNIA

DEENA C. FAWCETT
CLERK/ADMINISTRATOR

NORMAN H. HAREBOTTLE
ASSISTANT CLERK/ADMINISTRATOR

DEPUTIES:

DARLENE A. WARNOCK
D. BRUCE KORDENBROCK
ANITA L. KENNER
SANDY GREEN
GAYLE KELLY
ANNE K. MELINE
KAREN L. RODRIGUEZ
GRACE E. EMERO
THERESA DEVINE
REBEKAH S. THORNTON
ANA I. CAVAZOS
KATHI RUTHERDALE
SUSAN E. WELSH

December 21, 2006

Alvin Scott Flowers
T-91323
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA  93960-1050

Dear Mr. Flowers:

This court is in receipt of your petition for writ of habeas corpus.  I am unable to locate a verification with an original signature.  Therefore, I have been instructed to return the petition to you.  I am enclosing a judicial form for filing habeas petitions.  Please return your petition on this form and sign where indicate with the flag.

Very truly yours,

DEENA C. FAWCETT
Clerk/Administrator

*D. Warnock*

By:  DARLENE A. WARNOCK
Supervising Deputy Clerk



ALVIN SCOTT FLOWERS
RETURN TO SENDER
UNABLE TO LOCATE
INMATE. CAN NOT IDENTIFY
WITHOUT A CDC NUMBER.

**F I L E D**
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

JUL 0 3 2006

JOHN MENDES
EXECUTIVE OFFICER & CLERK
BY: _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
**CLERK OF THE COURT**
101 MAPLE STREET, 4TH FLOOR
AUBURN, CALIFORNIA 95603

21-000540-10012

... OF THE STATE OF CALIFORNIA

... NTY OF PLACER

                              )
                              )
                              )      No.  WHC-700
                              )
                              )
                              )      ORDER DENYING PETITION
                              )
                              )      FOR WRIT OF HABEAS CORPUS
                              )
                              )

... Corpus is denied for the reason that petitioner fails to

... equested.

... ting a prima facie case showing that he is entitled to relief

... orpus.  (*In re Bower* (1985) 38 Cal.3d 865, 872; *In re*

... in 4.)  In that regard, petitioner is obliged to state with

... petition is based; vague, conclusary allegations are

... (*In re Swain* (1949) 34 Cal.2d 300, 302.)  Petitioner has

... ich he bases his claim for relief.  (*In re Riddle* (1962) 57

27

28

Superior Court
County of Placer
State of California

1

1   ALVIN SCOTT FLOWERS, T91323
    Salinas Valley State Prison
2   Facility B, Bldg. 5-131
    P.O.Box 1050
3   Soledad, Calif. 93960-1050

4   In Pro Per,

5           IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

6              IN AND FOR THE THIRD DISTRICT

7

8   ALVIN S. FLOWERS                )
              Petitioner,           )
9                                   )
                                    )          CASE NO: C044333
10      v                           )                  WHC 700
                                    )
11  PEOPLE OF THE STATE             )          WRIT OF HABEAS CORPUS
    OF CALIFORNIA                   )          CONVICTION AND SENTENCE
12            Respondent,           )
    _____)
13

14

15              Petition for Writ of Habeas Corpus

16           and Brief and Exhibits in Support Thereof

17          Petitioner Alvin Scott Flowers respectfully submits this

18  Petition to the Appellate Court in answer to an Order of Denial by

19  the Placer County Superior Court.  Mr. Flowers asks the court for

20  review at the Appellate Court on his Superior Court Case Number:

21  62-23894 of Placer County.  The following brief and exhibits in

22  support thereof for Petitioners request for review to ask for an

23  order to show cause on issues therein rasied in said petition in

24  accordance to the California Rules of Court and in compliance with

25  the Court of Appeal of the State of California Third District.

26

27          RECEIVED

28          DEC 2 2005

        Clerk Court of Appeal,
        Third Appellate District

Name  ALVIN SCOTT FLOWERS

Address SALINAS VALLEY STATE PRISON

P.O. BOX 1050 B-1-131

SOLEDAD, CA 93960-1050

CDC or ID Number  T-91323

MC-275

**SUPREME COURT**
# FILED

MAY - 3 2007

**Frederick K. Ohlrich Clerk**

Deputy

THE SUPREME COURT

OF THE STATE OF CALIFORNIA
(Court)

ALVIN SCOTT FLOWERS,
Petitioner

vs.

MICHAEL EVANS, WARDEN, ET, AL.
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. C044333/WHC 700 - 6223894
*(To be supplied by the Clerk of the Court)*

# S152382

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of six
Penal Code, § 1473 et seq.

S152382

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re ALVIN SCOTT FLOWERS on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
## FILED

SEP 1 9 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice